## Case No. 9,946.

### In re MURPHY.

[10 N. B. R. (1874) 48.][1]

District Court, M. D. Tennessee.

BANKRUPTCY—INSANITY—REOPENING THE ADJUDICATION.

Creditor of B. files a petition against him asking his adjudication in voluntary bankruptcy. The order to show cause was served on him, and on his default to answer he was adjudged a bankrupt, and after the appointment of an assignee, the property of B. was turned over to him, but no distribution among the creditors was ever made. Sometime thereafter, B. comes into court with a petition, supported by affidavits, showing that he was non compos mentis at the time the debts of the petitioning creditors were created, as well as at the time of the institution of proceedings and the adjudication, and until a very recent period. *Held* that under the above state of facts, the application to set aside the default and subsequent adjudication should be granted, and B. now allowed to show cause why he should not be adjudged a bankrupt.

[Doubted in Re Weitzel, Case No. 17,365.]

In bankruptcy.

TRIGG, District Judge. Creditors of Alonzo Murphy filed a petition against him, asking his adjudication in involuntary bankruptcy, some time in the year 1872. The order to show cause was served on him, and on his default to answer he was adjudicated a bankrupt, and his property turned over to an assignee. The property in the hands of the assignee has never been distributed among the creditors. Alonzo Murphy now comes in with a petition supported by affidavits, showing that he was non compos mentis at the time the debts of petitioning creditors were created, as well as at the time of the institution of proceedings, and the adjudication of bankruptcy, and until a very recent period. Under this state of facts, I cannot refuse the application to set the default and subsequent adjudication aside, and to allow Alonzo Murphy to show cause why he should not be adjudicated a bankrupt.

NOTE. A jury trial was subsequently had, and a verdict of insanity at the time of the adjudication rendered; whereupon the court ordered the assignee to restore the property to Murphy. [Case unreported.]